IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

WILDEARTH GUARDIANS,

       Plaintiff,

v.

KEN SALAZAR, in his official capacity as
Secretary, United States Department of the Interior,

       Defendant.

## COMPLAINT

## INTRODUCTION

1. As a species, the Mist Forestfly (*Lednia tumana*) has a date with death -- the year 2030. This beautiful insect lives only in a handful of alpine streams and springs dependant upon the glaciers of Glacier National Park, Montana. If present trends continue, human-caused climate change is expected to render Glacier National Park -- "glacier-less" by 2030. While only a few of us might mark the passing into extinction of a fly, a great many of us will note the passing of the glaciers that gave Glacier National Park its name. Yet, the fate of these mighty glaciers and small fly are inexorably intertwined. Each will both mark and follow the passing of the other. By turning the spotlight, for a moment, on the Mist Forestfly, and bringing the full force of the Endangered Species Act to bear to save it from extinction, this lawsuit is but a small part of a much larger effort to save both the glaciers of Glacier National Park and all the species, including ourselves, that are ultimately tied to the same chain of life.

2. Plaintiff, WildEarth Guardians ("Guardians") brings this action against Defendant, Ken Salazar, U.S. Secretary of the Interior, in his official capacity, to force him to carry out his duties under the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531 et seq. Secretary Salazar (the "Secretary," or alternatively the U.S. Fish and Wildlife Service or "FWS," the agency to which the Secretary has delegated his responsibilities in this case) has failed to comply with his mandatory duty to make a "12-month finding" on Guardians' Petition to list the Mist Forestfly (the "Forestfly") as an endangered or threatened species under the ESA and to designate its critical habitat. This lawsuit seeks to force the Secretary to make the overdue finding on Guardians' Petition.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 16 U.S.C. §§ 1540(c) and (g) (action arising under the ESA and citizen suit provision).

4. This Court has authority to grant Guardians' requested relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the Administrative Procedure Act, 5 U.S.C. §§ 701-706 ("APA").

5. More than 60 days ago, Guardians furnished FWS with written notice of its violation of the ESA and of Guardians' intent to sue. See 16 U.S.C. § 1540(g)(2).

6. FWS has not remedied its violation of the ESA by making the overdue finding on Guardians' Petition. Therefore an actual controversy exists between the parties within the meaning of the Declaratory Judgment Act. 28 U.S.C. § 2001.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) and 16 U.S.C. § 1540(g)(3)(A) because a significant part of the acts and omissions giving rise to Guardians'

cause of action occur in this judicial district. FWS's regional headquarters office, directly responsible for making the finding on Guardians' Petition, is in this district and Guardians maintains a major office, responsible for the Petition, in this district.

## **PARTIES**

8. Plaintiff WILDEARTH GUARDIANS sues on behalf of itself and its adversely affected members. Guardians is a non-profit environmental organization with a major office in Denver, Colorado. Guardians' mission is to protect and restore wildlife, wild places, and wild rivers in the American West. Additionally, through its climate and energy program, Guardians works to protect clean air and to reduce human-caused climate change. Guardians has over 4,500 members, many of whom recreate in the habitat of the Mist Forestfly. Guardians has an active endangered species protection campaign. As part of this campaign, Guardians has repeatedly urged FWS to list, and thereby protect, imperiled species, like the Forestfly, as threatened or endangered species under the ESA. Guardians filed its Petition to list the Forestfly in July 2007. Guardians spent significant time and resources preparing its Petition, filing an initial lawsuit to force a preliminary "90-day finding" on the Petition, and subsequently commenting on FWS's positive 90-day finding concerning the Forestfly. Guardians is injured by the FWS's failure to make statutorily required decisions concerning the Petition in a timely manner. Members of Guardians frequently use and enjoy the Forestfly and its habitat for wildlife viewing, recreational, aesthetic, and scientific activities and will continue to do so. Guardians and its members are particularly concerned with the conservation of the Forestfly and the ecosystem on which it depends for its survival. Guardians and its members have a substantial interest in this matter and are adversely affected by the Secretary's failure to comply with the ESA. The requested relief will redress Guardians' and its members' injuries.

9. Defendant, KEN SALAZAR, is the Secretary of the United States Department of the Interior. He has ultimate responsibility for implementation of the ESA. He is sued in his official capacity. In this case, the Secretary has delegated his responsibilities to the U.S. Fish and Wildlife Service ("FWS"), an agency within the U.S. Department of the Interior.

## LEGAL BACKGROUND

10. In drafting the ESA, Congress found that "various species of fish, wildlife, and plants in the United States have been rendered extinct as a consequence of economic growth and development untempered by adequate concern and conservation," and that "other species of fish, wildlife, and plants have been so depleted in numbers that they are in danger of or threatened with extinction." 16 U.S.C. §§ 1531(a)(1) and (2). Accordingly, Congress passed the ESA to "provide a means whereby the ecosystems upon which endangered species and threatened species depend may be conserved, [and] to provide a program for the conservation of such endangered species and threatened species…." 16 U.S.C. 1531(b).

11. To this end, the ESA requires FWS to list species of plants and animals that are facing extinction as "threatened" or "endangered" and to designate protected "critical habitat" for each listed threatened or endangered species. 16 U.S.C. § 1533(a). An "endangered species" is "any species which is in danger of extinction throughout all or a significant portion of its range…." 16 U.S.C. § 1532(6). A "threatened species" is a species "which is likely to become an endangered species within the foreseeable future…." 16 U.S.C. § 1532(20).

12. In order for the ESA to protect a species, FWS must first officially list the species as either threatened or endangered. 16 U.S.C. § 1533(a). The listing process is the critical first step in the ESA's system of species' protection and recovery. FWS must also designate the species' habitat as "critical habitat" for it to receive several important ESA protections.

13. Any interested person can initiate the listing process by filing a petition to list a species with FWS. 16 U.S.C. § 1533(b)(3)(A); 50 C.F.R. § 424.14(a).

14. Upon receipt of a petition to list a species, FWS is required to make an initial finding known as a "90-day finding." Specifically, within 90 days of receipt, "to the maximum extent practicable," FWS must determine whether the petition presents "substantial scientific or commercial information indicating that the petitioned action may be warranted." 16 U.S.C. § 1533(b)(3)(A). FWS's implementing regulations define "substantial information" as "that amount of information that would lead a reasonable person to believe that the measure proposed in the petition may be warranted." 50 C.F.R. § 424.14(b).

15. If FWS finds that the petition presents substantial information (a "positive 90-day finding") FWS must publish its finding in the Federal Register and "shall promptly commence a review of the status of the species concerned." 16 U.S.C. § 1533(b)(3)(A).

16. In the case of a positive 90-day finding, FWS has 12 months from the date that the petition was received to make one of three findings: (1) the petitioned action is not warranted; (2) the petitioned action is warranted; or (3) the petitioned action is warranted but presently precluded by other pending proposals to list species of higher priority, provided that FWS is making expeditious progress in listing other species. 16 U.S.C. § 1533(b)(3)(B); 50 C.F.R. § 424.14(b)(3). This second finding is known as a "12-month finding."

17. If FWS makes a 12-month finding that the petitioned action is warranted, then it must publish a proposed rule to list the species as endangered or threatened in the Federal Register. 16 U.S.C. § 1533(b)(5).

18. Within one year of the publication of a proposed rule to list a species, FWS must make a final decision on the proposal, or extend the deadline by up to six months in cases of

scientific uncertainty.  16 U.S.C. § 1533(b)(6)(A).

19.     "Concurrently" with listing a species as threatened or endangered, FWS must designate critical habitat for the species to the maximum extent prudent and determinable.  16 U.S.C. §1533(a)(3)(A)(i), see also § 1533(b)(6)(C).

## FACTS

20.     The Mist Forestfly or Meltwater Lednian Stonefly (*Lednia tumana*) ("Forestfly") is a stonefly known to exist only in glacier-fed streams and springs around Glacier National Park, Montana.  The Forestfly is pictured below:



Mist Forestfly (*Lednia tumana*) Photo © Joe Giersch

21.     To protect both the Forestfly and its glacier dependent habitat, on July 24, 2007, Guardians petitioned FWS to list the Forestfly as a threatened or endangered species under the

ESA. Guardians' Petition also requested the designation of critical habitat for the Forestfly. FWS received Guardians' Petition to list the Forestfly on July 30, 2007.

22. When FWS failed to make a 90-day finding on Guardians' Petition for approximately six months, on March 19, 2008, Guardians filed suit to force the Agency to make a "90-day" finding. WildEarth Guardians v. Kempthorne, 1:08-cv-00472-CKK (D.D.C. 2008). After approximately a year of litigation, on March 13, 2009, Guardians and the Secretary resolved this initial deadline suit by entering into a court-approved settlement agreement that required FWS to make a 90-day finding on the Petition by August 9, 2009. Id.

23. On August 18, 2009, over two years after it received Guardians' Petition, FWS finally published a 90-day finding concerning the Forestfly. 74 Fed. Reg. 41649-662. FWS concluded that Guardians' Petition for the Forestfly presented substantial scientific and commercial information indicating that the listing of the species might be warranted. FWS found the Forestfly's glacial dependent habitat was threatened by climate change. Specifically, FWS concluded that the best available scientific information indicated that all the glaciers of Glacier National Park would disappear by the year 2030. Id. at 41659.

24. As a result of FWS's positive 90-day finding, the Agency was required to render a 12-month finding, 12-months from the date it received Guardians' Petition. 16 U.S.C. § 1533(b)(3)(B); 50 C.F.R. § 424.14(b)(3). FWS received Guardians' Petition on July 30, 2007. Accordingly, FWS should have made a 12-month finding by July 30, 2008. However, FWS's two-year delay in rendering a positive 90-day find on the Petition cast the Agency into automatic violation of the mandatory 12-month deadline.

25. On August 26, 2009, Guardians provided FWS with written notice of its intent to sue the Agency for its failure to make a timely 12-month finding on Guardians' Petition to list

the Forestfly. By letter dated September 24, 2009, FWS acknowledged that it received Guardians' notice of intent to sue on August 31, 2009. FWS's September 24, 2009 letter did not specify when FWS would issue a 12-month finding for the Forestfly.

26. In connection with its August 18, 2009, positive 90-day finding for the Forestfly, FWS solicited public comment and additional scientific information on the species. 74 Fed. Reg. 41649. FWS requested all such public comment and additional scientific information be submitted by October 19, 2009. On October 19, 2009, Guardians provided additional comment and scientific information to FWS concerning the Forestfly.

27. To date, FWS has not made a 12-month finding on Guardians' Petition to list the Forestfly.

## CLAIM FOR RELIEF

28. Each and every allegation set forth in this Complaint is incorporated herein by reference.

29. FWS has failed to make a 12-month finding on Guardians' Petition to list the Mist Forestfly (*Lednia tumana*) and has failed to publish such finding in the Federal Register.

30. FWS has violated its mandatory duty under the ESA by failing to make a 12-month finding for the Mist Forestfly (*Lednia tumana*) within 12 months of receiving Guardians' Petition. 16 U.S.C. § 1533(b)(3)(B).

31. By failing to render a 12-month finding on Guardians' Petition to list the Mist Forestfly (*Lednia tumana*) FWS has acted contrary to law and has unreasonably delayed and unlawfully withheld compliance with section 4(b)(3)(B) of the ESA within the meaning of the APA. 16 U.S.C. § 1533(b)(3)(B); 5 U.S.C. § 706.

## REQUEST FOR RELIEF

WHEREFORE, Guardians requests that this Court enter judgment providing the following relief:

1. A declaration that FWS has violated the ESA within the meaning of the APA by failing to make a 12-month finding on Guardians' Petition to list the Mist Forestfly (*Lednia tumana*);

2. An injunction compelling FWS to make a 12-month finding on Guardians' Petition to list the Mist Forestfly (*Lednia tumana*), and to publish such finding in the Federal Register by a reasonable date certain;

3. An order awarding Guardians' its costs of litigation, including reasonable attorney's fees;

4. Such other and further relief as the court deems just and proper.

Respectfully submitted this 28th day of December 2009.

        s/James Jay Tutchton
        James Jay Tutchton
        WildEarth Guardians
        1536 Wynkoop Street, Suite 301
        Denver, CO 80202
        Tel: (720) 301-3843
        Email: jtutchton@wildearthguardians.org

*Attorney for Plaintiff, WildEarth Guardians*